Barry W. Lee (State Bar No. 88,685)
*bwlee@manatt.com*
Lawrence R. LaPorte (State Bar No. 130,003)
*llaporte@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Yasser M. El-Gamal (State Bar No. 189,047)
*yelgamal@manatt.com*
Charles A. Kertell (State Bar No. 181,214)
*ckertell@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
695 Town Center Drive, 14th Floor
Costa Mesa, CA 90064
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Plaintiff and Counterclaim-Defendant
CORE OPTICAL TECHNOLOGIES, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CORE OPTICAL TECHNOLOGIES, LLC, <br><br> Plaintiff and Counterclaim-Defendant, <br><br> v. <br><br> FUJITSU NETWORK COMMUNICATIONS, INC., <br><br> Defendant and Counterclaimant. | Case No.: 8:16-CV-00437 AG (JPRx) <br><br> **CORE OPTICAL TECHNOLOGIES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS** <br><br> Date: July 11, 2016 <br> Time: 10:00 a.m. <br> Location: Courtroom 10D <br><br> Hon. Andrew J. Guilford |

## I. Introduction

Plaintiff Core Optical Technologies ("Core Optical") hereby moves, pursuant to Federal Rules of Civil Procedure 12(b)(1) & 12(b)(6), to dismiss the Amended Counterclaims filed by Fujitsu Network Communications, Inc. ("Defendant").

Defendant's amended counterclaims seek declaratory judgments of invalidity and non-infringement concerning Core Optical's U.S. Patent No. 6,782,211 ("the '211 patent"). However, as detailed below, these counterclaims, which lack *any* factual support, fail to satisfy the "plausibility" pleading requirement established by the U.S. Supreme Court in *Twombly* and *Iqbal*. In addition, this Court lacks subject matter jurisdiction over the counterclaims, as they encompass: (1) patent claims not asserted by Core Optical; and/or (2) products/activities not accused of infringement by Core Optical. This motion should be granted, and both counterclaims dismissed.

## II. Factual Background

On March 7, 2016, Core Optical filed its Complaint against Fujitsu for infringement of the '211 patent. The pioneering technology set forth in the '211 patent greatly increases data transmission rates in fiber optic networks.

Defendant filed its Answer and Counterclaims on May 5, 2016 (after being granted a 30-day extension of time). The initial First and Second Counterclaims sought declaratory judgments of invalidity and non-infringement, respectively. However, Defendant's vague and ambiguous allegations contained absolutely no factual support – in clear violation of Federal Rule of Civil Procedure 8(a) – as interpreted both before and after *Twombly*/*Iqbal*. The counterclaims also exceeded this Court's subject matter jurisdiction by requesting judicial intervention where no actual case or controversy existed.

For example, Defendant's original invalidity counterclaim alleged that all claims of the '211 patent were invalid (not just those claims asserted by Core Optical), and failed to set forth any specific grounds for this blanket assertion. Indeed, Defendant only stated that its generic assertion of patent invalidity was

premised on a litany of statutes, all pled in the alternative (*i.e.*, "[a]ll claims of the '211 patent are invalid for failure to comply with the provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§102, 103, and/or 112"). (Dkt. 18, p. 3, ¶9). That is not enough. *See, e.g., Quarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp.2d 1046, 1050-51 (N.D. Cal. 2004)(dismissing a similar counterclaim as "radically insufficient"); *Wordtech Systems, Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010)(noting a similar allegation provides "little notice"); *Sliding Door Co. v. KLS Doors, LLC*, 2013 WL 2090298 at *4 (C.D. Cal., May 1, 2013)(dismissing a similar counterclaim, and rejecting the argument that *Twombly/Iqbal* are inapplicable to invalidity claims).[1]

Defendant's initial non-infringement counterclaim was similarly evasive, as it also lacked even a single, specific fact in support of its conclusory thesis (*i.e.*, "Fujitsu is not infringing and has not infringed, directly or indirectly, any valid claim of the '211 patent either literally or under the doctrine of equivalents"). (Dkt. 18, ¶13). Further, it expansively sought an essentially boundless judicial determination that all Fujitsu products and activities (not just those accused by Core Optical) did not infringe any valid claim of the '211 patent, not just those claims asserted by Core Optical in this action.

Consistent with this developing theme, Defendant also failed to provide Core Optical with fair notice of several affirmative defenses. Most notably, Defendant's Fourth Affirmative Defense improperly attempted to assert at least four separate and

---

[1] *See also, Sorensen v. Spectrum Brands, Inc.*, 2009 WL 5199461 at *1 (S.D. Cal., December 23, 2009)(dismissing a similar counterclaim as a "threadbare statement" that is "precisely the type of allegation that is insufficient to state a claim under the *Iqbal* standard"); *Xilinx, Inc. v. Invention Investment Fund I LP*, 2011 WL 3206686 at *6 (N.D. Cal., July 27, 2011)(dismissing a similar counterclaim, and rejecting the position that local patent rules can allow invalidity counterclaims premised on "wholly conclusory allegations"); *PageMelding, Inc. v. ESPN, Inc.*, 2012 WL 3877686 at *3 (N.D. Cal., September 6, 2012)(stating that such a counterclaim is equivalent to a general allegation that the patent is defective, nothing more).

1  distinct legal doctrines (again in the alternative) in a single sentence (*i.e.*, "[u]pon
2  information and belief, Core [Optical]'s claims are barred, in whole or in part, under
3  the doctrine(s) of laches, equitable estoppel, acquiescence, and/or ratification").
4  (Dkt. 17, ¶22).  Again, Defendant's allegations were plainly insufficient. *See*, *e.g.*,
5  *Quarbon.com*, 315 F. Supp.2d at 1049-50 (striking similar estoppel defense); *Polara*
6  *Engineering, Inc. v. Campbell Co.*, Case No. SACV 13-0007 CJC, Dkt. 16, pp. 3-4
7  (C.D. Cal. April 25, 2013)(striking laches, acquiescence, and other defenses in a
8  patent infringement action, even under a pre-*Twombly* fair notice standard, where
9  they were essentially mere restatements of legal doctrines and/or principles with no
10 explanation provided).

11      Core Optical timely requested (and conducted) a Local Rule 7-3 pre-filing
12 conference with Fujitsu to discuss these deficiently pled counterclaims and defenses.
13 As a result, Defendant filed several amendments on May 26, 2016.  Of particular
14 significance, Defendants abandoned their previously asserted affirmative defenses
15 of equitable estoppel, acquiescence, and ratification without any explanation – a
16 telling response given that Defendant had almost two months to prepare its Answer.

17      Defendant also amended its invalidity and non-infringement counterclaims.
18 With respect to the former, Defendant has merely added language (copied directly
19 from several of the cited statutes) in a transparent attempt, not to provide Core
20 Optical with any useful information or to limit the scope of its counterclaim to
21 allegations for which Defendant truly believes it has actual support, but to give the
22 illusion of a substantive modification.  Defendant also dropped its prior reference to
23 all grounds for invalidity beyond those specifically identified in this Court's
24 Standing Patent Rule 2.5.[2]

---

[2] Defendant's Amended First Counterclaim now states, in pertinent part, that it seeks "to obtain a declaratory judgment that each and every claim of the '211 patent is invalid…" and that "[o]ne or more claims of the '211 patent are invalid under 35 U.S.C. §102 as anticipated in view of the prior art…[o]ne or more claims of the '211 patent are invalid under 35 U.S.C. §103 as obvious in view of the prior

**III. Defendant's First Amended Counterclaim (Invalidity)**

Defendant's invalidity counterclaim, even after amendment, still fails to satisfy Federal Rule of Civil Procedure 8(a) and the "plausibility" pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[3] In particular, it remains devoid of any supporting facts.[4] Nor does it provide Core Optical with any notice as to which claims of the '211 patent are purportedly invalid under each of the five cited statutory provisions. It should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Amended First Counterclaim also fails to trigger subject matter jurisdiction, and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), as it continues to seek a declaration of invalidity covering *all* claims of the '211 patent, not just those asserted by Core Optical. *See, e.g.*,

---

art…[o]ne or more claims of the '211 patent are invalid under 35 U.S.C. §112, ¶1 for failing to contain an adequate written description of the claimed invention…. [o]ne or more claims of the '211 patent are invalid under 35 U.S.C. §112, ¶1 for failing to enable a person of ordinary skill in the art to make and use the invention therein….[and] [o]ne or more claims of the '211 patent are invalid under 35 U.S.C. §112, ¶2 for failing to particularly point out and distinctively claim he subject matter which the applicant regarded [as] his invention." (Dkt. 26, ¶¶1 & 9-13).

[3] Core Optical acknowledges that some courts have declined to apply *Twombly* and *Iqbal* to patent invalidity and non-infringement counterclaims. *See, e.g.*, *Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp.2d 1156, 1163 (C.D. Cal. 2010). However, these cases are easily distinguished – as they have often relied on a perceived unfairness to patent defendants given the lower pleading standard for direct infringement under Form 18 (a pleading form that has now been abolished).

[4] Several cases have also declined to apply *Twombly*/*Iqbal* due to the existence of local patent rules that require service of invalidity contentions. But, Defendant's counterclaim (as pled) still exceeds the scope of Special Patent Rule 5.4 (which is limited to claims asserted by Core Optical). Moreover, Core Optical will not receive Defendant's contentions for almost five more weeks, depriving it of the ability to file a knowing/intelligent Answer and to conduct targeted fact discovery. Courts have also expressly held that that local patent rules cannot abrogate national pleading standards established by the U.S. Supreme Court. *See, e.g.*, *Tyco Fire Products LP v. Victaulic Co.*, 777 F. Supp.2d 893, 904 (E.D. Pa. 2011).

*Sloan Valve Co. v. Zurn Industries, Inc.*, 712 F. Supp.2d 743, 750-753 (N.D. Ill. 2010)(counterclaimant failed to demonstrate a justiciable controversy with respect to a declaratory judgment action requesting invalidation of non-asserted claims).

Nevertheless, Core Optical is cognizant of the fact that Fujitsu's repeated filing of defective pleadings, along with the lead-time required before a regularly noticed motion is heard by this Court, has effectively rendered any attempt to strike Defendant's invalidity counterclaim effectively moot – as Defendant must serve its Special Patent Rule 5.4 invalidity contentions by July 11, 2016 (the first hearing date available to Core Optical). Core Optical therefore will agree to withdraw the portion of the present motion relating to Defendant's invalidity counterclaim, when and if Defendant's recent concession (contained in an e-mail sent on June 7, 2016, just two days before the deadline for filing the present motion) is formalized in the written record (via an amended counterclaim), namely, that Fujitsu "will agree" to limit its invalidity counterclaim by not raising "an invalidity challenge with respect to claims [of the '211 patent] that Core does not assert in this action." (LaPorte Decl., Ex. 2).

## IV. Defendant's Second Amended Counterclaim (Non-Infringement)

Defendant's May 26, 2016 amendments to its non-infringement counterclaim were again designed to provide only the illusion of substantive modification. For example, Defendant's largest change is the addition of a meaningless paragraph that merely attempts to recount what Core Optical allegedly pled in its Complaint (*i.e.*, "Core has alleged…"). (Dkt. 26, ¶17). The only other modification of note is the addition of a vague and ambiguous clause (starting with the word "because") to the end of Defendant's original, generalized allegation of non-infringement (*i.e.*, "Fujitsu has not directly or indirectly infringed any valid claim of the '211 patent, either literally or under the doctrine of equivalents") that now references a limited number of products and patent claims.[5] (Dkt. 26, ¶19). Indeed, given the ambiguity of this

---

[5] Defendant's Amended Second Counterclaim now states, in pertinent part, that "Upon information and belief, Fujitsu has not directly or indirectly infringed any

clause in this context, Core Optical is left to guess whether Defendant has limited its allegations of non-infringement to those products and patent claims that it has now specifically identified, or whether those products and patent claims are intended to be non-limiting examples.[6]

Regardless of which interpretation is correct, Defendant's Amended Second Counterclaim should still be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), because it fails to provide Core Optical with any factual support for Defendant's allegations of non-infringement. Indeed, Defendant fails to provide even a single ground for non-infringement, let alone any factual support.[7] *See, e.g., Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678-79 (threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice); *Infineon Technologies AG v. Volterra Semiconductor Corp.*, 2013 U.S. Dist. LEXIS 17501 at *3-4 (N.D. Cal., February 7, 2013)(dismissing a non-infringement counterclaim for failing to provide factual support, and stating that the counterclaimant, as the party who bears the burden of proof, must set forth the parameters of its claim); *PageMelding*, 2012 WL 3877686 at *3 (dismissing a non-infringement counterclaim for failing to plead factual support, and stating that the counterclaimant must adequately plead its claim regardless of the level of specificity

---

valid claim of the '211 patent, either literally or under the doctrine of equivalents because none of the 100G Transponder, 100G Muxponder, 40G Transponder (coherent), FLASHWAVE 9500 Packet Optical Networking Platform, and modules that include Fujitsu's 40G or 100G dual polarization coherent optical receivers, practices claim 15, 30, 33, 35 and 37 of the '211 patent." (Dkt. 26, ¶19).

[6] In actuality, no ambiguity exists, at least with respect to the patent claims. Defendant is still improperly asserting non-infringement of "each and every claim of the '211 patent" with no factual support. (Dkt. 26, ¶1).

[7] Defendant does not even plead any of the referenced "information" on which it purports to base its counterclaim. Given that Defendant (unlike Core Optical) has full access to all relevant documents and that the parties had already "met and conferred" (on at least two occasions) to discuss the deficiencies in Defendant's pleadings, the absence of factual support suggests that none exists.

provided by the plaintiff in its Complaint); *Xilinx*, 2011 WL 3206686 at *6 (dismissing a non-infringement counterclaim for failing to plead factual support, and stating that the target of such a counterclaim cannot mount a meaningful defense in the face of such bare allegations).

The lack of adequate pleading (and thus the need for dismissal) is particularly apparent here, as: (1) Defendant has not limited its non-infringement allegations to the claims of the '211 patent being asserted by Core Optical; (2) Defendant has not expressly limited its allegations of non-infringement to those products being accused by Core Optical; (3) Defendant is seeking a broad declaratory judgment of non-infringement with respect to direct *and* indirect infringement, both literally *and* under the doctrine of equivalents; (4) Form 18 has been abolished, there is no inherent unfairness in applying *Twombly/Iqbal*; (5) the Standing Patent Rules of this Court (unlike the local patent rules of many other jurisdictions) do not mandate the disclosure of non-infringement contentions; and (6) Defendant has voluntarily chosen to file a counterclaim (and not simply assert an affirmative defense), to which Core Optical must be provided an opportunity to file a knowing/intelligent Answer.[8] In particular, given the lack of a local patent rule requiring Defendant to disclose its non-infringement contentions, Core Optical should not have to wait upwards of six months until it is permitted to serve written discovery, it receives Defendant's responses, and it is potentially required to file a lengthy motion to compel before it is provided *any* factual information as to the bases (if any) for

---

[8] *See, e.g.*, Northern District of Georgia Local Patent Rule 4.2, Northern District of Illinois Local Patent Rule 2.3, Eastern District of Missouri Local Patent Rule 3-3, Eastern District of North Carolina Local Patent Rule 303.3, Middle District of North Carolina Local Patent Rule 103.3, District of New Jersey Local Patent Rule 3.2A, Nevada Local Patent Rule 16.1-8, Northern District of New York Local Patent Rule 3.3, Northern District of Ohio Local Patent Rule 3.3, Western District of Pennsylvania Local Patent Rule 3.4, Western District of Tennessee Local Patent Rule 3.3, District of Utah Local Patent Rule 2.4, Eastern District of Washington Local Patent Rule 121, Western District of Washington Local Patent Rule 121.

Defendant's extremely broad *counterclaim* (not just an affirmative defense) – a counterclaim for which Defendant *bears the burden of pleading and proof*.

Defendant's Amended Second Counterclaim should also be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1), to the extent it exceeds this Court's subject matter jurisdiction. In particular, if Defendant is still generically asserting that *all* of its products and activities (even those not accused by Core Optical) do not infringe *any* valid claim of the '211 patent (even those not asserted by Core Optical), Defendant is improperly attempting to extend its counterclaim beyond the currently existing case or controversy. *See, e.g., PPS Data, LLC v. Allscripts Healthcare Solutions, Inc.*, 2012 U.S. Dist. LEXIS 8367 at *11-12 (M.D. Fla, January 25, 2012)(stating courts cannot give Defendants a judicial imprimatur that all of their products, services, and conduct are "ok")

Finally, if Defendant conversely asserts that its counterclaim is now limited to only those products and claims it has specifically identified (*i.e.*, a subset of those products and claims cited in Core Optical's Complaint), it should be stricken and/or dismissed as duplicative of Core Optical's claim of infringement. *See, e.g., Sliding Door*, 2013 WL 2090298 at *3-4 (dismissing counterclaim seeking a declaratory judgment of non-infringement because it presented an issue that was already before the Court in the Complaint, and therefore did not serve any useful purpose).

**V. Conclusion**

For the reasons stated above, Core Optical's Motion to Dismiss Defendant's Amended Counterclaims should be GRANTED in its entirety

Dated: June 9, 2016         Respectfully submitted,

                            MANATT, PHELPS & PHILLIPS, LLP

                            By: */s/ Lawrence R. LaPorte*
                            Lawrence R. LaPorte
                            Attorneys for Plaintiff and Counterclaim-Defendant
                            CORE OPTICAL TECHNOLOGIES, LLC